

U.S. District Court
Wisconsin Eastern

AUG 10 2026

FILED
Clerk of Court

ARDA ("ALEX") YANIK and KARSTEN NEST
HOTEL LLC,

      Plaintiffs,

v.

CITY OF KEWAUNEE, WISCONSIN; HEATH
EDDY, individually and in his official capacity as
former City Administrator; DAVE HENDRIX,
individually and in his official capacity as a Building
Inspector; JOSEPH MILLS, individually and in his
official capacity as a member of the Common Council;
ERIN MUELLER, individually and in her official
capacity as City Clerk; and ROBIN MUELLER,
individually and in her official capacity as Chief of
Police,

      Defendants.

Case No. 26-C-1365

JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

Plaintiffs Arda ("Alex") Yanik and Karsten Nest Hotel LLC, appearing pro se, for their Complaint against Defendants City of Kewaunee, Wisconsin (the "City"), Heath Eddy, Dave Hendrix ("Inspector Hendrix"), Joseph Mills, Erin Mueller, and Robin Mueller, allege as follows:

## NATURE OF THE ACTION

1.    This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured to Plaintiffs by the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, the Petition Clause of the First Amendment, and the Fourth Amendment to the United States Constitution.

2.    Plaintiffs are Arda ("Alex") Yanik, an Armenian-American owner of five residential rental properties in Kewaunee, Wisconsin, and Karsten Nest Hotel LLC, a Wisconsin limited

liability company of which Mr. Yanik is the sole member and which owns and operates a historic hotel in the City. Plaintiffs allege that Defendants subjected Mr. Yanik and his properties to discriminatory building-code inspection and enforcement practices — including approximately 44 citations, unequal treatment in the opportunity to cure alleged violations, and a warrantless entry onto Mr. Yanik's property over his express objection — because of his national origin and ancestry, denied Karsten Nest Hotel LLC's liquor license renewal without any hearing, denied approval of previously-approved building plans intended to help address the City's housing shortage, and conditioned any cooperative path to avoid demolition of the residential properties on Mr. Yanik's withdrawal of a pending, legally protected fair housing complaint — then never followed through on its own end of that arrangement.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), as this action arises under the Constitution and laws of the United States and seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Kewaunee County, Wisconsin, which lies within the Eastern District of Wisconsin, Green Bay Division.

## PARTIES

5. Plaintiff Arda ("Alex") Yanik is a natural person residing at 122 Ellis Street, Kewaunee, Wisconsin 54216. At all relevant times, Mr. Yanik owned and/or controlled, through D.

Kayseri LLC, the residential properties described below, and was the sole member of Plaintiff Karsten Nest Hotel LLC.

6. Plaintiff Karsten Nest Hotel LLC is a Wisconsin limited liability company with its principal place of business at 122 Ellis Street, Kewaunee, Wisconsin 54216. Mr. Yanik is its sole member. Karsten Nest Hotel LLC owns and operates a historic hotel within the City of Kewaunee and held, or sought to renew, the liquor license described below.

7. Defendant City of Kewaunee is a municipal corporation organized under the laws of the State of Wisconsin. At all relevant times, the City acted through its Building Inspection Department, its Police Department, its Common Council, and its other officers, agents, and employees, each acting within the course and scope of their duties and under color of state law.

8. Defendant Heath Eddy was, through at least June 2025, the City Administrator for the City of Kewaunee, acting under color of state law and within the scope of his employment during the events described in Paragraphs 17–24 below. He is sued in both his individual and official capacities.

9. Defendant Dave Hendrix was at all relevant times a building inspector employed by the City's Building Inspection Department, acting under color of state law and within the scope of his employment. He is sued in both his individual and official capacities.

10. Defendant Joseph Mills was at all relevant times an alderperson on the City's Common Council, acting under color of state law and within the scope of his official duties. He is sued in both his individual and official capacities.

11. Defendant Erin Mueller is, and at all relevant times was, the City Clerk for the City of Kewaunee, acting under color of state law and within the scope of her employment. She is sued in both her individual and official capacities.

12. Defendant Robin Mueller is, and at all relevant times was, the Chief of Police for the City of Kewaunee, acting under color of state law and within the scope of her employment. She is sued in both her individual and official capacities.

## FACTUAL ALLEGATIONS

13. Mr. Yanik owned five residential rental properties within the City of Kewaunee: 315 Vliet Street; 417 Ellis Street; 911 Ellis Street; 502 Miller Street; and 418 Beardsley Street (collectively, the "Properties").

14. Prior to the events described below, the Properties had been inspected by the City on multiple occasions, and electrical and other utility service had been installed and/or approved for the Properties, consistent with their habitability and code compliance.

15. On or about September 9, 2024, Inspector Hendrix asked Mr. Yanik about his nationality. When Mr. Yanik responded that he is Armenian, Inspector Hendrix stated, in substance, "Oh, another fucking foreigner."

16. At the time that inspection was conducted, Inspector Hendrix was visibly intoxicated, further evidencing the unprofessional and discriminatory manner in which the inspection giving rise to the enforcement action described below was carried out.

17. Following this exchange, the City, acting through Inspector Hendrix and others, undertook enforcement action against the Properties that was inconsistent with the Properties'

documented inspection and utility history, culminating in an "Order to Raze Structure" issued as to each of the five Properties, dated September 19, 2024.

18. On one or more occasions after the City issued the Order to Raze Structure, Defendant Chief Robin Mueller personally entered one or more of the Properties without a warrant and without Mr. Yanik's consent. Mr. Yanik explicitly and repeatedly told Chief Mueller not to enter and that he would not consent to entry absent a warrant. Chief Mueller entered regardless.

19. Mr. Yanik was not afforded a fair, meaningful, or practical opportunity to cure the alleged deficiencies at the Properties on the same terms as similarly situated property owners. On or about September 9, 2024, Mr. Yanik appeared with available trade and engineering personnel, including an engineer and an electrician, together with a plumber who participated by telephone due to an emergency, prepared to begin corrective work. The City nonetheless declined to provide the written stipulations Mr. Yanik needed to commence such corrections.

20. Mr. Yanik has identified corroborating witnesses, including an engineer, an electrician, a plumber, and tenants of the Properties, who can testify to the condition of the Properties, the unequal opportunity to cure afforded to Mr. Yanik as compared to similarly situated property owners, and the national-origin-based bias expressed during the inspection process described above.

21. Plaintiff Karsten Nest Hotel LLC owns and operates the Karsten Hotel, a historic hotel within the City of Kewaunee. Upon information and belief, the hotel and its predecessor

owners had held a liquor license continuously for well over a century, such that Karsten Nest Hotel LLC was a renewal licensee.

22. On or about June 23, 2025, the City's Common Council held a Special Common Council meeting at which Defendant Erin Mueller, as City Clerk, recommended, and Defendant Joseph Mills moved to approve, renewal of liquor licenses for approximately ten other Class B licensees; the Council approved that motion unanimously. Karsten Nest Hotel LLC's license was omitted from the list Ms. Mueller recommended and Mr. Mills moved to approve, without notice, a hearing, or any stated cause. Karsten Nest Hotel LLC's license for the immediately preceding period (July 2024 through June 2025) had itself only been retroactively ratified by the Council at that same meeting, after the period it covered had nearly expired. As of the City's May 27, 2026 Notice of Application for License — which lists numerous other establishments' pending applications for the period ending June 30, 2027 — Karsten Nest Hotel LLC's license remained unrenewed, notwithstanding Plaintiffs' subsequent attempts to reapply, including a $309 payment submitted to the City on June 22, 2026. As a renewal licensee, Plaintiffs were entitled under Wis. Stat. § 125.12(2)(c) to notice, a hearing, and a showing of cause by the City before any refusal to renew. The City afforded Plaintiffs no hearing of any kind before excluding Karsten Nest Hotel LLC from renewal in either license cycle.

23. The stated basis for the denial was a volume of calls for police service to the hotel property. In fact, the great majority of those calls — including welfare checks, lockouts, medical assistance calls, and citizen assists — had nothing to do with the sale or service of alcohol, and reflect the ordinary operation of a multi-unit hotel rather than any disorder connected to the liquor license. The hotel maintains a Google customer rating above 4.1 out of 5

across numerous reviews, further undermining any suggestion that it was poorly regarded or disorderly. Treating the raw call volume as grounds to deny renewal without a hearing was pretextual.

24. Separately, on September 4, 2024, the City, over the signature of then-City Administrator Heath Eddy, noticed a public hearing before its Plan Commission for September 26, 2024, on an application by Mr. Yanik, d/b/a D Kayseri LLC, and co-applicant Mark Stevens, to rezone property at 118 Kilbourn Street and 614 Main Street from I-1 Light Industrial and R-1 Single-Family Residential, respectively, to PDD-1 Planned Development District, filed pursuant to Wis. Stat. § 62.23(7)(d)2. and § 94-313 of the City of Kewaunee Municipal Code, in connection with a proposed development intended to help address a documented shortage of housing in the City. Upon information and belief, the City's Building Inspection Department had approved the underlying building plans, but the City's Common Council subsequently denied the rezoning as it pertained to Mr. Yanik's property, with a City official stating in substance that Mr. Yanik would rent to criminals. Upon information and belief, City officials and representatives have indicated, in substance, that any application or project with which Mr. Yanik is associated would be denied regardless of its merits.

25. On numerous occasions, the City issued citations against Mr. Yanik's properties for minor or pretextual violations. Upon information and belief, these citations — numbering approximately 44 — were part of a sustained effort by the City to pressure Mr. Yanik into abandoning his properties and leaving the City, rather than a good-faith exercise of the City's code-enforcement authority.

26. On August 29, 2025, Mr. Yanik filed a complaint with the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD"), alleging that the City's conduct described above constituted unlawful housing discrimination on the basis of national origin and ancestry. The complaint was perfected on September 12, 2025 and October 7, 2025, and amended on December 8, 2025.

27. In January 2026, while Mr. Yanik's ERD complaint remained pending, the City, through its then-City Administrator, sent Mr. Yanik a written "Proposed Cooperative Agreement Regarding Rehabilitation of Properties," offering a process to rehabilitate the Properties and avoid their demolition. The proposal expressly conditioned that process on Mr. Yanik's withdrawal of his pending fair housing complaint, stating that the agreement would become effective "only upon [Mr. Yanik's] written agreement to its terms and confirmation that [his] Fair Housing Act complaint has been withdrawn."

28. Mr. Yanik signed and returned the proposal on or about April 27, 2026. The City never countersigned or otherwise executed the agreement, never provided the written stipulations described in Paragraph 19, and never proceeded with the cooperative rehabilitation process offered. The City thus obtained Mr. Yanik's agreement to onerous terms — including the implicit pressure to abandon his ERD complaint — without ever binding itself to any reciprocal obligation.

29. The City's conditioning of Mr. Yanik's ability to save the Properties from demolition on the withdrawal of his legally protected fair housing complaint was intended to, and did, punish and deter Mr. Yanik's exercise of his right to petition the government for redress of grievances.

30. On January 9, 2026, an ERD Equal Rights Officer issued a Preliminary Determination dismissing Mr. Yanik's complaint on the ground that it did not state a claim under a law the Division has jurisdiction to enforce. On March 30, 2026, an Administrative Law Judge affirmed that dismissal on appeal, with prejudice, on the ground that Wisconsin's Open Housing Law does not reach disputes between a property owner and a municipal building inspector.

31. The conduct described above — including the inspection and enforcement practices directed at the Properties, Chief Mueller's warrantless entry, the approximately 44 citations described in Paragraph 25, the denial of Mr. Yanik's rezoning application, and the denial of the Karsten Hotel's liquor license renewal without a hearing by Defendants Mills and Erin Mueller — was undertaken pursuant to, and/or with the ratification of, official City policy or custom, and/or was undertaken and directed by officials — including Defendants Eddy, Mills, Erin Mueller, and Chief Mueller — possessing final policymaking authority for the City with respect to building inspection, code enforcement, licensing, law enforcement, and the negotiation of cooperative agreements with property owners.

## COUNT I – 42 U.S.C. § 1983: VIOLATION OF THE EQUAL PROTECTION CLAUSE

*(Fourteenth Amendment — By Plaintiff Yanik, Against the City, Eddy, and Hendrix)*

32. Plaintiff Yanik repeats and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

33. The Equal Protection Clause of the Fourteenth Amendment prohibits state and local government actors from treating similarly situated persons differently on the basis of national origin or ancestry.

34. Defendants, acting under color of state law, subjected Mr. Yanik's Properties, and his development and licensing applications described above, to inspection, enforcement, citation, and denial motivated by, and carried out because of, his Armenian national origin and ancestry, and inconsistent with the treatment afforded to similarly situated property owners not of his national origin or ancestry — including by denying him, alone among similarly situated owners, a genuine and equal opportunity to cure alleged violations before the City moved to raze his properties.

35. As a direct and proximate result of Defendants' conduct, Mr. Yanik has suffered and continues to suffer damages, including loss of use of the Properties, diminution in property value, lost rental income, and emotional distress.

## COUNT II – 42 U.S.C. § 1983: RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

*(By Plaintiff Yanik, Against the City)*

36. Plaintiff Yanik repeats and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

37. Mr. Yanik's filing and prosecution of his fair housing complaint with the ERD constituted activity protected by the Petition Clause of the First Amendment to the United States Constitution.

38. Defendant City of Kewaunee, acting under color of state law through its then-City Administrator, conditioned Mr. Yanik's ability to rehabilitate the Properties and avoid their demolition on his withdrawal of that protected complaint, obtained his signed agreement on that basis, and then declined to execute or perform its own corresponding obligations, with the intent to punish and deter Mr. Yanik's exercise of his First Amendment rights, and

in a manner that would deter a person of ordinary firmness from continuing to engage in that protected activity.

39. As a direct and proximate result of this retaliatory conduct, Mr. Yanik has suffered and continues to suffer damages as described above.

## COUNT III – 42 U.S.C. § 1983: VIOLATION OF THE DUE PROCESS CLAUSE

*(Denial of Liquor License Renewal Without a Hearing — Fourteenth Amendment — By Plaintiffs Yanik and Karsten Nest Hotel LLC, Against the City, Mills, and Erin Mueller)*

40. Plaintiffs repeat and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

41. As a renewal licensee under Wis. Stat. § 125.12(2)(c), Plaintiffs held a constitutionally protected property interest in the continued renewal of the Karsten Hotel's liquor license absent a showing of cause by the City following notice and a hearing.

42. Defendants City of Kewaunee, Mills, and Erin Mueller deprived Plaintiffs of that property interest by denying renewal of the license without providing any notice of a right to a hearing or any hearing whatsoever, in violation of Wis. Stat. § 125.12(2)(c) and of the procedural protections guaranteed by the Due Process Clause of the Fourteenth Amendment.

43. As a direct and proximate result of this conduct, Plaintiffs have suffered and continue to suffer damages, including lost liquor license revenue, diminution in the value of the Karsten Hotel's business, and consequential damages, in an amount to be determined at trial.

## COUNT IV – 42 U.S.C. § 1983: VIOLATION OF THE FOURTH AMENDMENT

*(Unreasonable Search — By Plaintiff Yanik, Against the City and Chief Mueller)*

44. Plaintiff Yanik repeats and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

45. The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, protects against unreasonable searches, including warrantless entry into privately owned property absent valid consent, a warrant, or another recognized exception to the warrant requirement.

46. Defendant Chief Mueller, acting under color of state law, entered one or more of the Properties without a warrant, without Mr. Yanik's consent, and over his explicit objection, in violation of the Fourth Amendment. Upon information and belief, this conduct was consistent with the City's policy, custom, or practice regarding entry onto property subject to a raze order, and/or reflects the exercise of Chief Mueller's final policymaking authority over the City's law enforcement practices.

47. As a direct and proximate result of this unlawful search, Mr. Yanik has suffered and continues to suffer damages, including emotional distress and violation of his constitutional rights, in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award the following relief:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against the individual Defendants in an amount to be determined at trial;

C. A declaration that Defendants' conduct violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

D. Preliminary and permanent injunctive relief enjoining Defendants from further discriminatory or retaliatory conduct, from disparate enforcement of the Order to Raze Structure, and from warrantless entry onto Plaintiffs' property, and directing the City to provide Plaintiffs notice and a hearing on renewal of the Karsten Hotel's liquor license;

E. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, to the extent applicable;

F. Pre- and post-judgment interest as allowed by law; and

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated:

Respectfully submitted,

/s/ Arda ("Alex") Yanik
Arda ("Alex") Yanik, individually and as sole member of Karsten Nest Hotel LLC
122 Ellis Street
Kewaunee, WI 54216
(818) 619-1073
Plaintiffs, pro se