**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ARDA YANIK and**
**KARSTEN NEST HOTEL LLC,**

**Plaintiffs,**

**v.** **Case No. 26-C-1365**

**CITY OF KEWAUNEE, WISCONSIN,**
**et al.,**

**Defendant.**

---

**ORDER FOR PARTIAL DISMISSAL**

---

Plaintiff Arda Yanik, proceeding pro se, brought this action on his own behalf and on behalf of his LLC, Karsten Nest Hotel LLC, against Defendants City of Kewaunee, Wisconsin; Heath Eddy, Dave Hendrix, Joseph Mills, Erin Mueller, and Robin Mueller. *See generally* Compl., Dkt. No. 1. Yanik brings this action under 42 U.S.C. § 1983 and alleges that Defendants violated his rights under the United States Constitution by subjecting him to discriminatory building-code related compliance efforts to do with his residential rental properties. Yanik has paid the full filing fee, and it appears from the face of the complaint that he has stated a claim for relief against at least some of the defendants. To the extent they think otherwise, the defendants are free to seek dismissal under Fed. R. Civ. P. 12(b)(6) once they are served.

In addition to claims on his own behalf, however, Yanik also names Karsten Nest Hotel LLC, of which he is the sole member, as a plaintiff and seeks to assert claims on its behalf. Because Karsten Nest Hotel is a limited liability company, it must appear by counsel. "A corporation, limited liability company, or other artificial entity may not litigate in federal court unless it is

represented by an attorney." *G.I.T.Y. (Grok Is That You) v. Google, LLC*, No. 25-3193, 2026 WL 1591589 (7th Cir. 2026) (citing *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008). "Even a single-member limited liability company may litigate only through counsel." *Id.* (citing *Hagerman*, 545 F.3d at 581 –82). Because Yanik is not an attorney, he cannot assert claims on Karsten Nest Hotel's behalf. **Karsten Nest Hotel is therefore dismissed from this case along with any claims asserted on its behalf.**

Yanik is reminded, as the service packet he was provided by the Clerk explains, it is his responsibility to have the defendants personally served. If he wishes to have the U.S. Marshal serve the defendants, he must follow the instructions for making such a request.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of August, 2026.

William C. Griesbach
United States District Judge